

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**THOMAS SHELTON,**

                         **Plaintiff,**

v.

Civil Case No. 3:15cv255

**GREEN TREE SERVICING, LLC,**
345 St. Peter Street
Saint Paul, MN 55102

**Serve: via Secretary of the Commonwealth**

**and**

**EQUIFAX INFORMATION SERVICES, LLC,**

**Serve: Corporation Service Company, Reg. Agent**
       **Green Tree Center, 16th Floor**
       **1111 East Main Street**
       **Richmond, VA   23219**

**and**

**TRANS UNION, LLC,**

**Serve: Corporation Service Company, Reg. Agent**
       **Green Tree Center, 16th Floor**
       **1111 East Main Street**
       **Richmond, VA   23219**

**and**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

**Serve: David N. Anthony, Registered Agent**
       **1001 Haxall Point**
       **Richmond, VA 23219**

                      **Defendants.**

## COMPLAINT

The Plaintiff, THOMAS SHELTON, (hereinafter, "Plaintiff"), by counsel, and for his Complaint against Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for breach of contract and violations of the Fair Debt Collection Practices Act ("FDCPA") brought against Defendant Green Tree Servicing, LLC, including a class action claim for a violation of § 1692e(11). Additionally, Plaintiff also seeks actual, statutory and punitive damages, costs and attorney's fees against all the Defendants pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act or "FCRA").

### JURISDICTION

2.      The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. §§ 1681(p) and §1692k(d). Moreover, this Court also has jurisdiction over the state law claims by supplemental jurisdiction under 28 U.S.C. § 1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

### PARTIES

4.      The Plaintiff, THOMAS SHELTON ("Plaintiff"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5.      Upon information and belief, GREEN TREE SERVICING, LLC ("Green Tree") is a limited liability company doing business in the Commonwealth of Virginia. At all relevant times hereto, Green Tree was a furnisher as governed by the FCRA and a debt collector as governed by the FDCPA.

2

6. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC ("Equifax") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

7. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

8. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

9. Upon information and belief, TRANS UNION, LLC ("Trans Union") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

10. Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

11. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

12. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

13.     Upon information and belief, Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

14.     Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

15.     In July 2007, Plaintiff purchased his home located in Richmond, Virginia.

16.     In 2012, Plaintiff was invited by his prior servicer, Specialized Loan Servicing, LLC ("SLS") to apply for a Home Affordable Modification Program ("HAMP") loan modification.

17.     Plaintiff completed the application and made payments to SLS as instructed.

18.     On or around April 11, 2013, SLS offered Plaintiff a permanent loan modification agreement, which required Plaintiff to make monthly payments in the amount of $618.88.

19.     Plaintiff returned the permanent modification agreement and made his modified payments to SLS as instructed.

20.     Plaintiff continued to make payments to SLS as instructed under the terms of the permanent modification agreement for more than six months.

21.     Then, SLS transferred the loan to Green Tree on or around November 2013.

22.     Plaintiff continued to make his payments in accordance with his permanent modification- and Green Tree accepted them- until September 2014.

23.     At this time Green Tree began to refuse Plaintiff's payments.

4

24. Despite Plaintiff's compliance with SLS's instructions, Green Tree refused to honor Plaintiff's permanent modification agreement and refused to accept his monthly payments.

25. Instead, Green Tree treated the loan as if it was in default at the time of transfer and asserted that Plaintiff was past due at that time. Therefore, Green Tree is a debt collector as defined in the FDCPA.

## Green Tree is a Debt Collector

26. Green Tree is a mortgage servicing company whose practice focuses on the collection of delinquent mortgage debts.

27. Green Tree regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts.

28. Defendant regularly collects or attempts to collect, directly or indirectly, debts owe or due or asserted to be owed or due for other parties and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## Green Tree Communicates with Plaintiff in Violation of the FDCPA

29. On or about December 10, 2014, Green Tree or its agent went to Plaintiff's home and posted on the front door a "door hanger" that read: "URGENT PLEASE CONTACT OUR OFFICE" and provided the telephone number 1-800-847-0487.

30. At the time Green Tree left the door hanger, it considered Plaintiff's loan to be in default. Plaintiff disputes the loan was in default at this time.

31. Green Tree's door hanger violated the FDCPA because it failed to provide the disclosures required by § 1692e(11).

32.    Upon information and belief, as a matter of company policy, the purpose of the door hanger is to have a consumer respond to the door hanger so that Green Tree can collect payment of the debt or collect information for the purpose of conducting a foreclosure.

33.    If a consumer contacts the telephone number provided on the door hanger, the consumer is taken to Green Tree where they can make a payment by telephone or speak to a customer service representative who upon information and beleif demands payment on the loan and/or solicits information used for the purpose of conducting a foreclosure sale of the consumer's home.

34.    Numerous courts have held that a debt collector's failure to identify itself as a debt-collector when leaving similar messages violates the FDCPA. *See, e.g., Edwards v. Niagara Credit Solutions, Inc.*, 586 F.Supp.2d 1346, 1352–53 (N.D.Ga.2008); *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F.Supp.2d 1104, 1116 (C.D.Cal.2005); *Mark v. J.C. Christensen & Assocs., Inc.*, 2009 WL 2407700, at *4 (D.Minn.2009).

35.    Ultimately, Green Tree foreclosed on Plaintiff's property on April 16, 2015, which was also a violation of § 1692f of the FDCPA, which prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect a debt.

36.    Green Tree violated § 1692f of the FDCPA through its conduct, including but not limited to: its attempt to collect fees and charges which were assessed due to its failure to honor the permanent modification agreement, by refusing to honor the permanent modification agreement and by conducting a nonjudicial foreclosure of Plaintiff's property when there was no present right to possession due to Green Tree's refusal to honor the permanent loan modification

*Plaintiff Disputes the Green Tree Account on His Credit Report*

6

37.    In December 2014, Plaintiff obtained a copy of his credit report and learned that the credit reporting agencies were inaccurately reporting Plaintiff's mortgage account with Green Tree. In essence, Plaintiff's mortgage loan with Green Tree was inaccurately reporting that he never made a payment to Green Tree from November 2013 through October 2014.

38.    On or around December 4, 2014, Plaintiff sent a separate credit dispute letter to Equifax, Experian, and Trans Union, explaining that the credit bureaus were inaccurately reporting his Green Tree mortgage loan. In this letter, Plaintiff explained that he accepted a permanent modification in April 2013 and paid as he was instructed. Plaintiff further explained that Green Tree did not honor the loan modification agreement and that it had been unlawfully rejecting his payments.

39.    To verify his statements, Plaintiff enclosed his permanent loan modification agreement, checks to his prior servicer, and his bank account statements showing that he had been making his payments until the transfer.

40.    On or around December 12, 2014, Equifax provided the results of its investigation to the Plaintiff. To Plaintiff's dismay, Equifax did not update its credit reporting, nor did Green Tree delete the information disputed by Plaintiff. Instead, Equifax continued to report that Plaintiff was 120 days past due and without any reference to Plaintiff's loan modification and accepted payments.

41.    On or around December 13, 2014, Trans Union provided the results of its investigation to the Plaintiff. To Plaintiff's dismay, Trans Union did not update its credit reporting, nor did it delete the information disputed by Plaintiff. Instead, Trans Union continued

to report that Plaintiff was 120 days past due and without any reference to Plaintiff's loan modification and accepted payments.

42.    On or around December 16, 2014, Experian provided the results of its investigation to the Plaintiff. To Plaintiff's dismay, Experian did not update its credit reporting, nor did it delete the information disputed by Plaintiff. Instead, Experian continued to report that Plaintiff was 120 days past due and without any reference to Plaintiff's loan modification and accepted payments.

43.    In January 2015, Plaintiff mailed a follow-up dispute letter to Experian, Equifax and Trans Union once again disputing the information appearing on his reports. None of the credit reporting agencies updated their reporting based on Plaintiff's follow-up dispute letter.

44.    The Green Tree reporting was inaccurate. Plaintiff received a permanent modification from SLS, who accepted Plaintiff's payments until the loan was transferred to Green Tree in November 2013.

45.    Equifax, Experian, and Trans Union have knowledge that loan modifications and loan transfer often result inaccurate credit reporting because of the lack of systems, procedures, and protocols to ensure accurate credit reporting after the loan is modified.

46.    Defendants each received, but ignored the Plaintiff's disputes and refused to delete the inaccurate information in Plaintiff's credit reports.

47.    Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the information.

48. Upon information and belief, on numerous occasions, Equifax, Experian and Trans Union furnished the Plaintiff's consumer reports to multiple entities which contained the inaccurate derogatory information regarding the Green Tree.

## COUNT ONE:
## BREACH OF CONTRACT
## (GREEN TREE)

49. Plaintiff realleges and incorporates the factual allegations as if fully alleged herein.

50. Plaintiff's permanent loan modification is a contract and is to be construed according to its terms to the extent the terms are not in conflict with the requirements of law.

51. Plaintiff complied with his payment obligations and all other terms of the Agreement prior to the transferring of the loan to Green Tree.

52. Despite his compliance, Green Tree breached the Agreement by refusing to accept his payments and by instituting a foreclosure on his home on April 16, 2015.

53. The breach of the Agreement caused Plaintiff to suffer economic damages for which there is no adequate remedy at law, and for which Green Tree should be liable.

54. Such damages amounts to sums that would include losses relating to unnecessary anxiety, embarrassment and the imposition of fees related to the alleged default and attempted foreclosure sale of his home.

55. Plaintiff cannot be made whole without specific performance of the Agreement because monetary damages are unavailable and/or inadequate. Plaintiff's property is unique and serves as his home. Thus, his home cannot be substituted with money recoverable as legal

damages would be speculative. Moreover, Green Tree purchased Plaintiff's home at the foreclosure sale and, therefore, specific performance is an available remedy.

**COUNT TWO:**
**VIOLATION OF 15 U.S.C. § 1692e(11)**
**(GREEN TREE)**

**CLASS CLAIM**

56.      Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

57.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for himself and on behalf of a class initially defined as follows:

> All natural persons residing in Virginia at the time that they received correspondence from Green Tree: (i) in the form of Exhibit 1 (ii) in an attempt to collect a debt serviced by the Green Tree, (iii) that was incurred primarily for personal, household or family purposes (iv) at a time that Green Tree's records stated that the subject debt was in default, (v) during the one year period prior to the filing of the Complaint in this matter.

58.      **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Green Tree and the class members may be notified of the pendency of this action by published and/or mailed notice.

59.      **Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues are: (1) whether Green Tree is a debt collector; (2) whether Green Tree's correspondence

10

in the form of Exhibit 1 violated the FDCPA by omitting the § 1692e(11) disclosure; and (3) what is the appropriate amount of damages?

60.     **Typicality.** **FED. R. CIV. P. 23(a)(3)** Plaintiff's claim are typical of the claims of each putative class member. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

61.     **Adequacy of Representation.** **FED. R. CIV. P. 23(a)(4)** Plaintiff is an adequate representative of the putative class, because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he has and intends to continue to prosecute the action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiff nor his counsel have any interests which might cause him not to vigorously pursue this action.

62.     **Superiority.** **FED. R. CIV. P. 23(b)(3)** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and

factual issues raised by Green Tree's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

63. Green Tree violated § 1692e(11) by omitting the § 1692e(11) disclosure on its door hanger correspondence.

64. Plaintiff and the putative class members are therefore entitled to statutory damages, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT THREE:**
**VIOLATION OF 15 U.S.C. § 1692f**
**(GREEN TREE)**

65. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

66. Green Tree violated § 1692f of the FDCPA through its conduct, including but not limited to: its attempt to collect fees and charges which were assessed due to its failure to honor the permanent modification agreement, by conducting a nonjudicial foreclosure of Plaintiff's property when there was no present right to possession due to Green Tree's refusal to honor the permanent loan modification and by generally refusing to honor the permanent modification agreement.

67. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

**COUNT FOUR:**
**Violation of 15 U.S.C. §1681s-2(b)(1)(A)**
**(GREEN TREE)**

68. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

69. On one or more occasions within the past two years, by example only and without limitation, Green Tree violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

70. When the Plaintiff mailed his disputes to the consumer reporting agencies ("CRAs"), they use a dispute system named, "e-Oscar", which has been adopted by the credit reporting agencies and by their furnisher-customers such as Green Tree. It is an automated system and the procedures used by the CRAs are systemic and uniform.

71. When Trans Union, Experian, or Equifax receive a consumer dispute, it (usually via an outsourced vendor) translates that dispute into an "ACDV" form.

72. Upon information and belief, the ACDV form is the method by which Green Tree has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

73. On information and belief, the Plaintiff alleges that to date Green Tree has never complained to the CRAs about the amount of information it receives regarding a consumer dispute through the e-Oscar system or through ACDVs.

74. If Green Tree receives a consumer dispute ACDV form, it is aware that it may also contact the CRA that sent it to obtain more information regarding a consumer's dispute.

75. Based on the manner in which Trans Union, Experian, and Equifax responded to the Plaintiff's disputes, representing that Green Tree had "verified" the supposed accuracy of its reporting, Plaintiff alleges the credit reporting agencies did in fact forward the Plaintiff's dispute via an ACDV to Green Tree.

76. Green Tree understood the nature of the Plaintiff's dispute when they received the ACDV from the credit bureaus.

77. When Green Tree received the ACDV from the credit reporting agencies, it as well could have reviewed their own system and previous communications with the Plaintiff and discovered additional substance of the Plaintiff's dispute.

78. Notwithstanding the above, Green Tree follows a standard and systemically unlawful process when they receive the ACDV dispute. Basically, all it does is review its own internal computer screen for the account and repeat back to the ACDV system the same information that it already had reported to the CRAs.

79. When Green Tree receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

80. As a result of Green Tree's violations of 15 U.S.C. §1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

81. The violations by Green Tree were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

82. The law in the Fourth Circuit and even nationally has long ago been set to require a detailed and searching investigation by a furnisher when it receives a consumer's FCRA dispute through a CRA.

83. Green Tree was aware of the *Johnson v. MBNA* FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding the Plaintiff's dispute.

14

84.     On information and belief, the Plaintiff alleges that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that Green Tree intended its employees or agents to follow.

85.     On information and belief, the Plaintiff alleges that Green Tree's employees or agents did not make a mistake (in the way in which he or she followed the Defendants' procedures) when he or she received, processed and responded to the CRAs' ACDVs.

86.     On information and belief, the Plaintiff alleges that Green Tree has not materially changed their FCRA investigation procedures after learning of its failure in this case.

87.     In the alternative, Green Tree was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

88.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Green Tree in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT FIVE:**
**Violation of 15 U.S.C. §1681s-2(b)(1)(B)**
**(GREEN TREE)**

89.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint (particularly though not limited to as pled in the "Fact" section of the Complaint and the previous Count).

90.     On one or more occasions within the past two years, by example only and without limitation, Green Tree violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer report agencies.

91.     As Plaintiff detailed in the previous Count, Green Tree has elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

92.     Green Tree is aware of the meaning of the several dispute codes used by the CRAs in e-Oscar.

93.     Green Tree does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the CRAs.

94.     Green Tree understood the Plaintiff's disputes and that the accounts were not reporting his modification and payment history accurately.

95.     Nevertheless, it ignored such information and instead simply regurgitated the same information they had previously reported to the CRAs.

96.     As a result of Green Tree's violations of 15 U.S.C. §1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

97.     The violations by Green Tree were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Green Tree was negligent, which entitles Plaintiff to recover under 15 U.S.C. §1681o.

98.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Green Tree in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT SIX:
### Violation of 15 U.S.C. §1681s-2(b)(1)(C) and (D)
### (GREEN TREE)

16

99. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint (particularly though not limited to as pled in the "Fact" section of the Complaint and the previous two Counts).

100. On one or more occasions within the past two years, by example only and without limitation, Green Tree violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the their representations within Plaintiff's credit files with Trans Union, Experian, and Equifax without also including a notation that these debts were disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

101. Specifically, Green Tree failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to the CRAs.

102. On information and belief, the Plaintiff alleges that Green Tree rarely, if ever, adds the XB code or other notation that an account is disputed when it responds to e-Oscar ACDVs.

103. Furthermore, Green Tree knew that the Plaintiff disputed the subject accounts through his dispute letters to Equifax, Experian, and Trans Union.

104. The Plaintiff's disputes were bona fide as reflected by Plaintiff's permanent loan modification agreement and prior payments in accordance with that agreement.

105. As a result of Green Tree's violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

106. The violations by Green Tree were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

17

·107.   Green Tree was aware of the *Saunders v. B.B.&T* FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding the Plaintiff's dispute.

108.   On information and belief, the Plaintiff alleges that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that Green Tree intended their employees or agents to follow.

109.   On information and belief, the Plaintiff alleges that Green Tree's employee or agent did not make a mistake (in the way in which he or she followed its procedures) when he or she received, processed and responded to the CRAs' ACDVs and did not include the XB code in the CCC field.

110.   On information and belief, the Plaintiff alleges that Green Tree has not materially changed its FCRA investigation procedures regarding the CCC field in ACDVs after learning of its failures in this case.

111.   The violations by Green Tree were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Green Tree was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

112.   Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Green Tree in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT SEVEN:**
**15 U.S.C. § 1681e(b)**
**(EQUIFAX, EXPERIAN, TRANS UNION)**

113.    Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

114.    Equifax, Experian and Trans Union violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained.

115.    As a result of Equifax, Experian and Trans Union's violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

116.    The violations by Equifax, Experian and Trans Union were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

117.    Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT EIGHT:
### 15 U.S.C. § 1681i(a)(1)
### (EQUIFAX, EXPERIAN, TRANS UNION)

118.    Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

119.    Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed

information was inaccurate/incomplete and record the current status of the disputed information or delete the item from Plaintiff's credit file.

120.    Equifax, Experian and Trans Union's violations of 15 U.S.C. §1681i(a)(1), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

121.    The violations by Equifax, Experian and Trans Union were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

122.    Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT NINE:**
**15 U.S.C. § 1681i(a)(2)(A)**
**(EQUIFAX, EXPERIAN AND TRANS UNION)**

123.    Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

124.    Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide Green Tree with all the relevant information regarding Plaintiff's disputes.

125.    As a result of Equifax, Experian and Trans Union violations of 15 U.S.C. §1681i(a)(2), Plaintiff suffered actual damages, including but not limited to: loss of credit,

damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

126.   The violations by Equifax, Experian and Trans Union were willful, rendering of the Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

127.   Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT TEN:**
**15 U.S.C. § 1681i(a)(4)**
**(EQUIFAX, EXPERIAN AND TRANS UNION)**

128.   Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

129.   Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

130.   As a result of Equifax, Experian and Trans Union's violations of 15 U.S.C. §1681i(a)(4), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

131.   The violations by Equifax, Experian and Trans Union were willful, rendering the Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

132. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT ELEVEN:**
**15 U.S.C. § 1681i(a)(5)(A)**
**(EQUIFAX, EXPERIAN AND TRANS UNION)**

133. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

134. Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation.

135. As a result of Equifax, Experian and Trans Union violations of 15 U.S.C. §1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

136. The violations by Equifax, Experian and Trans Union were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

137. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff requests the Court to enter judgment for the following:

1. Specific performance of the permanent loan modification agreement, as well as actual damages suffered by Plaintiff as a result of Green Tree's breach of the contract;

2. Certification for the § 1692e(11) claim to proceed as a class action, as well as statutory damages for Plaintiff and the class members pursuant to 15 U.S.C. § 1681k(a)(2)(B);

3. Actual and statutory damages for Plaintiff's individual § 1692f claim;

4. Actual, statutory and punitive damages against Defendants for the violations of the FCRA, jointly and severally;

5. For his attorneys' fees and costs, as well as for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,
**THOMAS SHELTON**

By _____
Counsel

Kristi Cahoon Kelly, VSB#72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Telephone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

James W. Speer, (VSB# 23046)
Virginia Poverty Law Center
919 E. Main Street, Suite 610
Richmond, VA 23219
(804) 782-9430
Fax: (804) 649-0974
Email: jay@vplc.org
*Counsel for Plaintiff*

23